IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT LEE OTTO, | Cause No. CV 19-05-GF-BMM-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

This case comes before the Court on state pro se Petitioner Robert Lee Otto's application for writ of habeas corpus under 28 U.S.C. § 2254.

I. **Background**

Following a guilty plea to Sexual Intercourse without Consent in Montana's Eighth Judicial District, Cascade County, Otto was sentenced to 60 years at the Montana State Prison (MSP) with 10 of the years suspended. (Doc. 1 at 2.)[1]

Otto filed a direct appeal and argued that the state district court erred when it based its sentence, in part, upon Otto's refusal to answer a question in the

---

[1] In exchange for Otto's plea of guilty, the state agreed to dismiss one count of Sexual Intercourse without Consent and recommend a 50-year commitment to the Montana State Prison, with 35 of the years suspended. See e.g., (Doc. 1-1 at 5.) The district court imposed a longer sentence than that recommended in the plea agreement.

1

presentence investigative report. *Id*. at 3; see also, Appellant's Brief, (Doc. 1-1 at 5-18.) The Montana Supreme Court affirmed Otto's sentence and held that the district court's reference during sentencing to Otto's failure to answer a question in the presentence report did not violate Otto's Fifth Amendment rights to remain silent and against self-incrimination. *State v. Otto*, 2017 MT 212, 388 Mont. 391, 401 P. 3d 193; see also, (Doc. 1-1 at 87-94.)

Otto indicates he also filed a petition for postconviction relief with the state district court, (Doc. 1 at 3, ¶11), but did not appeal the adverse decision because he "could not afford an attorney and decided to pursue relief on grounds of a constitutional violation with Habeas Corpus." *Id*. at ¶13. Otto then applied for relief with the Sentence Review Division, *id*. at ¶9; his sentence was affirmed. See, (Doc. 1-1 at 95-96.)

In his federal petition, Otto presents the following claims: 1) the state district court violated his Fifth Amendment rights by explicitly punishing him for his refusal to answer a question in the presentence investigative report and for his silence during sentencing; and, 2) trial counsel provided ineffective assistance by failing to advise Otto to affirmatively invoke his Fifth Amendment rights during the presentence report interview and during his sentencing allocution.

As set forth above, Otto presented his first claim to the Montana Supreme Court on direct appeal. Because the state court addressed the merits of Otto's first

2

claim, this Court's review is constrained by the deferential standard set forth in 28 U.S.C. §2254(d). Otto's second claim was not properly exhausted in the state court system; thus, it is procedurally defaulted.

On March 11, 2019, this Court directed Otto to show cause as to why the claim should not be dismissed and directed him to the ways in which he might make such a showing. See generally, (Doc. 7.) But despite being provided two extensions of time to file his Response, (Docs. 9 & 11), Otto failed respond to the Court's order.

For the reasons explained below, Otto's petition should be denied. Claim 1 does not survive deferential review under §2254(d) and Claim 2 is procedurally defaulted without excuse.

## II.  Claim 1

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal habeas court may not grant relief to a state prisoner whose claim has already been "adjudicated on the merits in State court," 28 U.S.C. § 2254(d), unless the claim's adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by [this] Court," § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); see also, *Johnson v. Williams*, 568 U.S. 289, 292

(2013). AEDPA substantially limits the power of federal courts to grant habeas relief to state prisoners, *Hurles v. Ryan*, 725 F. 3d 768, 777 (9th Cir. 2014), and "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, "AEDPA's highly deferential standards kick in." *Davis v Ayala*, __ U.S. ___, 135 S. Ct. 2187, 2198 (2015) (citations omitted).

In response to Otto's contention that the district court imposed a longer sentence than that recommended by the parties in retaliation for Otto exercising his right to remain silent, the State countered Otto's unresponsiveness was properly considered by the state district court because it was demonstrative of his lack of remorse. *State v. Otto*, 2017 MT 212, ¶8. Specifically, the State contended the district court could view this as Otto's attempt to: obscure the psychological injuries he inflicted upon his victim, maximize his assertion that he would complete rehabilitation, and minimize the danger he posed to society, which were all relevant statutory sentencing factors. *Id*. Further, the State argued Otto "was not silent, and he did not assert the privilege with respect to every aspect of his offense." *Id*.

The Montana Supreme Court noted, while district courts cannot infringe upon a defendant's rights to silence and against self-incrimination during

sentencing, a person claiming the Fifth Amendment privilege must "affirmatively invoke it" and the right can be waived if a defendant fails to assert the privilege *Id*. at ¶10 (citations omitted). The Court noted that Otto failed to affirmatively invoke his Fifth Amendment rights either during the PSI process or during his sentencing hearing. *Id*. Moreover, the Court found that the district court "carefully considered" Montana's sentencing policies, statutory factors and other relevant information in arriving at Otto's ultimate sentence. The district court's passing reference to Otto's unresponsiveness was made in the larger context of the overall assessment of Otto's character and attitude. *Id*. at ¶12. Otto's sentence was within statutory parameters and was supported by the reasons provided by the district court; the sentence was affirmed.

    The Fifth Amendment protects a defendant's right to remain silent by assuring that "silence will carry no penalty" and that the prosecution cannot use a defendant's silence to imply guilt. *Doyle v. Ohio*, 426 U.S. 610, 618 (1976). The Fifth Amendment privilege against compelled self-incrimination applies to state sentencing proceedings through the Fourteenth Amendment. *Estelle v. Smith*, 451 U.S. 454, 462-63 (1981). "The essence of this basic constitutional principle is 'the requirement that the State which proposes to convict and punish an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips.'" *Id*. at 462, quoting

*Culombe v. Connecticut*, 367 U.S. 568, 582 (1961). While the Fifth Amendment privilege against self-incrimination attaches at sentencing, that privilege only protects against compelled self-incrimination. See, *Baxter v. Palmingiano*, 425 U.S. 308, 316 (1976); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

As observed by the Montana Supreme Court, following entry of his guilty plea, Otto engaged in the presentence investigation process, answering the majority of questions presented. In relation to the question he declined to answer, Otto advised his non-response was based upon advice of counsel. At his sentencing hearing, Otto waived his right to make a statement and the district court did not question him or require further testimony. See, (Doc. 1-1 at 23: 2-4.) The court considered various statutory and evidentiary factors and provided a lengthy explanation for the sentence it imposed. See e.g., (Doc. 1-1 at 23-26; 29-32.)

Thus, during the presentence investigation proceedings, not only did Otto fail to affirmatively invoke his right to remain silent, he participated in the process and only declined to answer one question upon the advice of counsel. Otto provided his statements voluntarily and has not shown he was coerced to do so; he has not demonstrated that he was compelled to incriminate himself. Moreover, at his sentencing hearing, he waived his right to allocate on his own behalf and was not compelled to make a statement.

Additionally, Otto has not shown that the sentence handed down by the

district court was based upon his refusal to answer all of the presentence investigation questions or his decision to waive a statement at sentencing. To the contrary, the state district court explained its sentence was based upon: that nature and degree of harm caused by Otto in committing sexual intercourse without consent on a 13-year old girl; the fact that the parties' plea agreement allowed Otto to avoid a mandatory minimum 100-year prison sentence with a 25-year parole restriction; the court's skepticism that the sexual relationship between Otto and the victim did not begin until the victim's 13th birthday; Otto's minimization and rationalization of his sexually predatory conduct; Otto's lack of accountability; Otto's lack of appreciation for the harm inflicted upon the victim; the need to protect the community from predatory conduct; the fact that Otto lured a young girl to run away from home to engage in sexual conduct; the fact that the victim was further sexually victimized by others; and, the need to provide restitution, reparation, and restoration to the victim, in light of the physical and psychological harm inflicted. See e.g., (Doc. 1-1 at 23-25.) Despite finding Otto had not fully been accountable for the harm caused, the Court did consider that it was Otto's first felony offense and that by taking responsibility for the crime he spared the victim from further court proceedings. *Id*. at 25-26. Thus, the state district court provided an ample basis, as evidenced by its findings, to support the sentence imposed, that was not based on Otto's purported "silence." The Montana Supreme

Court's finding to this effect was a reasonable one.

Otto has not shown that the Montana Supreme Court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law regarding his Fifth Amendment privilege against self-incrimination, or was based on an unreasonable determination of the facts.  See e.g., *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); see also, 28 U.S.C. §2254(d).  Thus, federal habeas relief is unavailable to Otto with respect to Claim 1.

### III.   Claim 2

Otto's second claim, that trial counsel was ineffective for failing to advise Otto to affirmatively invoke his Fifth Amendment rights during the presentence interview or during his allocution, was not presented to the Montana Supreme Court on direct appeal.  Because Otto elected not to appeal the district court's denial of his postconviction petition, the claim also was not presented to the Montana Supreme Court during PCR proceedings.  See e.g., (Doc. 1 at 5, ¶15(B)(2)-(3)).

But, a state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has

exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). Otto's second claim is not properly exhausted and because he is now barred from seeking additional state remedies, the claim is procedurally defaulted. Otto was advised that he would need to demonstrate cause and prejudice to excuse the default and was advised of the ways in which he could make such a showing. See, (Doc. 7 at 4-6.) But, Otto failed to respond to this Court's Order. Accordingly, Claim 2 should be dismissed with prejudice as procedurally defaulted without excuse. See, *Cooper v. Neven*, 641 F. 3d 322, 327 (9th Cir. 2011).

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Neither of the claims advanced by Otto appear to make a substantial showing that he was deprived of a constitutional right. Otto's first claim does not survive deferential review under 28 U.S.C. §2254(d). Further, no reasonable jurist would suggest the Court proceed with the second claim given Otto's lack of participation and/or attempt to demonstrate cause to set aside the default. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Otto's Petition (Doc. 1) should be DISMISSED with prejudice for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Otto may object to this Findings and Recommendation within 14 days.[2]

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Otto must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of July, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Otto is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

11